IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NASER RAEISSI,

       Appellant,

                        Civil Action No. 1:20CV275
v.                            (Judge Keeley)

JAMES MARION BURKHART, and
MARY ELISABETH BURKHART,

       Appellees.

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

Pending before the Court is an appeal in the Chapter 7 bankruptcy of James Marion Burkhart and Mary Elisabeth Burkhart (collectively, "the Burkharts") administered in the United States Bankruptcy Court for the Northern District of West Virginia ("Bankruptcy Court"). The pro se appellant, Naser Raeissi ("Raeissi"), appeals the judgment entered by the Honorable Judge David L. Bissett, United States Bankruptcy Judge, on December 4, 2020, in Adversary Proceeding No. 1:19-ap-21. For the reasons that follow, the Court **AFFIRMS** the Bankruptcy Court's judgment.

## I. Background

In August 2017, the Burkharts began falling behind on their rental payments to their landlord, Raeissi (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. Nos. 1, 5). James Danesh ("Danesh"), Raeissi's property manager, attempted to collect the past due rent, but his

RAEISSI v. BURKHART                                          1:20CV275

MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

efforts quickly led to a deterioration in the relationship between the parties. Eventually, Raeissi obtained a judgment against the Burkharts in the Magistrate Court of Monongalia County, West Virginia, and began garnishing Mr. Burkhart's wages.

On February 27, 2019, however, the Burkharts petitioned for bankruptcy under Chapter 7 of the Bankruptcy Code (Bankr. N.D. W. Va., 1:19-bk-140, Dkt. No. 1). Subsequently, on April 24, 2019, the Burkharts initiated an adversary proceeding against Raeissi, who was one of their creditors, and Danesh (Dkt. No. 8-4). The Burkharts alleged four violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") and violations of the automatic stay. Id. Moreover, they also sought to avoid preferential transfers made to Raeissi and Danesh. Id.

After filing an answer and a motion and then attending a hearing on that motion (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. Nos. 5, 9, 50), Raeissi failed to take part in the remainder of the case. Consequently, on February 28, 2020, the Burkharts moved to deem facts admitted by Raeissi, to compel discovery, and for attorney's fees (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 53). The Bankruptcy Court subsequently granted that motion, deemed certain facts admitted, ordered Raeissi to comply with the discovery

2

RAEISSI v. BURKHART                                          1:20CV275

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

requests or risk sanctions under Fed. R. Civ. P. 37, and reserved ruling on the request for attorney's fees (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 77). Raeissi never responded to the discovery requests, and as a result, the Burkharts moved for contempt and sanctions against him (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 89).

On July 21, 2020, the Bankruptcy Court granted the Burkhart's contempt and sanctions motion, deemed Raeissi to have admitted all unanswered allegations in the complaint, and prohibited him from introducing defenses or evidence to the contrary (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 111) ("Contempt Order"). That same day, the Bankruptcy Court also entered a partial summary judgment order against Raeissi, holding that the Burkharts were entitled to judgment as a matter of law against him on all of their claims (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 112) ("Summary Judgment Order").

On November 19, 2020, the Bankruptcy Court conducted an evidentiary trial in the adversary proceeding. Following trial, the Bankruptcy Court found that Danesh had violated several provisions of the WVCCPA in his attempts to collect past due rent from the Burkharts (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 170).

3

RAEISSI v. BURKHART                                          1:20CV275

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

Specifically, the Bankruptcy Court found that, in attempting to collect the debt, Danesh (1) twice violated W. Va. Code § 46A-2-124(b) when he emailed Mr. Burkhart's employer on January 8 and 29, 2019, and accused the Burkharts of unscrupulous and law-breaking behavior (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 170 at 7:39-8:49); (2) violated W. Va. Code § 46A-2-125(a) when he sent an email to Ms. Burkhart on July 31, 2018, containing profane or obscene language (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 170 at 8:50-9:54); (3) violated W. Va. Code § 46A-2-126(a) when he called Mr. Burkhart's employer in late 2017 and shared details of the Burkharts' indebtedness (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 170 at 9:55-11:19); and (4) violated W. Va. Code § 46A-2-128 five times when he contacted Mr. Burkhart's employer by email on January 29, February 6, and February 13, 2019, and twice by phone on January 29, 2019 (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 170 at 11:20-12:30). Further, because the Bankruptcy Court determined that Danesh had acted as Raeissi's agent, it held Danesh and Raeissi jointly and severally liable for these nine violations in the amount of $9,848.88 (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 170 at 12:30-12:45).

4

RAEISSI v. BURKHART                                        1:20CV275

<u>MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT</u>

The Bankruptcy Court next found that Raeissi and Danesh had willfully violated the automatic stay because they knew about the Burkharts' bankruptcy case and proceeded with collection activity <u>Id.</u> at 12:45-15:44. Again, because the Bankruptcy Court determined that Danesh had acted as Raeissi's agent, it held Danesh and Raeissi jointly and severally liable for the violations in the amount of (1) $416.40 for the Burkharts' lost wages in attending the trial; (2) $15.00 for the Burkharts' parking to attend the trial; (3) $20,765.00 for the Burkharts' attorney's fees to vindicate their rights and protections provided by the automatic stay; and (4) the post-petition wage garnishment.[1] <u>Id.</u>

Finally, the Court found that Raeissi had garnished Mr. Burkhart's wages in the period covered by 11 U.S.C. § 547(d) and post-petition in the amount of $950.86. <u>Id.</u> at 15:46-16:23. As these transfers allowed Raeissi to receive more than he otherwise would have received in the bankruptcy, the Court voided the transfers, but only against Raeissi, as the record established that Danesh had not received these funds. <u>Id.</u>

---

[1] The Bankruptcy Court determined that the damages from the wage garnishment were more appropriately included under the claim to avoid preferential transfers pursuant to 11 U.S.C. § 547(d) (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 170 at 12:45-15:44).

RAEISSI v. BURKHART                                    1:20CV275

<u>MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT</u>

In total, the Bankruptcy Court entered judgment against Raeissi and Danesh, jointly and severally, for $31,045.28 and against Raeissi alone for $950.86 (Dkt. No. 8-11). Both amounts were subject to post-judgment interest. <u>Id.</u>

On December 18, 2020, Raeissi appealed the Bankruptcy Court's judgment, arguing that (1) he should not be held responsible for Danesh's actions; (2) the Bankruptcy Court "concealed defense evidence" at the Burkharts' request; (3) the Burkharts testified that they did not suffer monetary damages; and (4) he is unable to pay the judgment (Dkt. No. 13).

## II. Applicable Law

A district court sitting as a bankruptcy appellate court reviews "findings of fact only for clear error, but consider[s] the relevant legal questions de novo." <u>In re Varat Enters., Inc.</u>, 81 F.3d 1310, 1314 (4th Cir. 1996). A finding of fact is clearly erroneous only if the Court is "left with 'a firm and definite conviction that a mistake has been committed.'" <u>In re Taneja</u>, 743 F.3d 423, 429 (4th Cir. 2014) (quoting <u>Klein v. PepsiCo, Inc.</u>, 845 F.2d 76, 79 (4th Cir. 1988)).

6

RAEISSI v. BURKHART                                    1:20CV275

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

### III. Discussion

**A. Waiver**

Before addressing the merits of Raeissi's appeal, the Burkharts first contend that his arguments have been waived because he failed to raise them before the Bankruptcy Court (Dkt. No. 14 at 6-7). Raeissi has not responded to this argument.

"[I]ssues raised for the first time on appeal generally will not be considered." Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). "Exceptions to this general rule are made only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." Id. An example of such limited circumstances would be an intervening decision from the Supreme Court of the United States. Nat'l Wildlife Fed'n v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988).

Here, after filing an answer and a motion and then attending a hearing on that motion (Bankr. N.D. W. Va., 1:19AP21, Dkt. Nos. 5, 9, 13), Raeissi failed to participate in the remainder of the adversary proceeding. Accordingly, Raeissi did not previously raise the issues now raised on appeal, and "issues raised for the

RAEISSI v. BURKHART                                    1:20CV275

MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

first time on appeal generally will not be considered." <u>Muth</u>, 1 F.3d at 250.

Raeissi argues that he failed to previously raise these issues because he had traveled to Iran and his return flight was delayed "due to COVID-19" (Dkt. Nos. 1, 13). But these reasons are insufficient for the Court to permit an exception to the general rule. Although his return flight may have been delayed by COVID-19 complications, Raeissi participated in the early stages of this case, demonstrating that he was aware it was ongoing. Further, starting in August 2019, Raeissi was advised on numerous occasions that failure to participate in the case could result in adverse actions against him (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. Nos. 27, 32, 43, 85). His decision to leave the country does not excuse his failure to participate in this case, and refusing to consider his newly-raised arguments would not amount to "plain error" or "result in a fundamental miscarriage of justice."

On this basis alone, therefore, the Court would have sufficient grounds to affirm the Bankruptcy Court's rulings. Nevertheless, even if the Court were to excuse Raeissi's failure to raise issues in the Bankruptcy Court, his appeal would still lack merit.

RAEISSI v. BURKHART                                           1:20CV275

MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

**B. Agency**

Turning to the merits of Raeissi's appeal, he first argues
that the Bankruptcy Court erred in holding him responsible for
Danesh's actions (Dkt. No. 13 at 1). The Burkharts respond that
the Bankruptcy Court correctly concluded that Danesh acted as
Raeissi's agent and therefore that Raeissi should be held
responsible for Danesh's actions (Dkt. No. 14 at 8-9).

West Virginia law provides that "[a]n agent in the restricted
and proper sense is a representative of his principal in business
or contractual relations with third parties." Harper v. Jackson
Hewitt, Inc., 706 S.E.2d 63, 75 (W. Va. 2010) (quoting Syl. Pt. 2,
Teter v. Old Colony Co., 441 S.E.2d 728 (W. Va. 1994)). "A
principal is bound by acts of an agent if those acts are either
within the authority the principal has actually given his agent,
or within the apparent authority that the principal has knowingly
permitted the agent to assume." Clint Hurt & Associates, Inc. v.
Rare Earth Energy, Inc., 480 S.E.2d 529, 535 (W. Va. 1996) (quoting
Thompson v. Stuckey, 300 S.E.2d 295, 299 (W. Va. 1983)). "Apparent
authority . . . is that which, though not actually granted, the
principal knowingly permits the agent to exercise, or which he
holds him out as possessing." All Med, LLC v. Randolph Engineering

9

RAEISSI v. BURKHART                                    1:20CV275

MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

Co., Inc., 723 S.E.2d 864, 871 (W. Va. 2012) (quoting Gen. Electric
Credit Corp. v. Fields, 133 S.E.2d 780, 783-84 (W. Va. 1963)).
Moreover, "proof of an express contract of agency is not essential
to the establishment of the relation. It may be inferred from the
facts and circumstances, including conduct." Id. (quoting Arnold
v. United Companies Lending Corp., 511 S.E.2d 854 (W. Va. 1998)).

     Here, in his answer, Raeissi admitted that Danesh acted as
his property manager (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 5).
Moreover, the Bankruptcy Court deemed Raeissi to have admitted
that Danesh acted as his agent (Bankr. N.D. W. Va., 1:19-ap-21,
Dkt. Nos. 53, 77). The Bankruptcy Court accordingly found that
Danesh served as Raeissi's property manager, that Danesh would
collect rent for Raeissi's property, and therefore that Danesh
acted as Raeissi's agent in collecting debt (Bankr. N.D. W. Va.,
1:19-ap-21, Dkt. No. 170 at 1:53-2:15).

     On appeal, Raeissi states that he "contests [his] agent James
Danesh only acted as leasing agent" (Dkt. No. 13 at 1).[2] But Raeissi
does not point to any facts that would lead this Court to conclude

---

[2] This statement could be interpreted to argue that Danesh did more than
simply act as a leasing agent, bolstering the Bankruptcy Court's
findings.

RAEISSI v. BURKHART                                    1:20CV275

MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

that the Bankruptcy Court's findings were incorrect, much less
clearly erroneous. And given the Bankruptcy Court's factual
findings, the Court finds that Danesh acted as Raeissi's agent.

As a result, "[Raeissi] is bound by [the] acts of [Danesh] if
those acts are either within the authority [Raeissi] has actually
given [him], or within the apparent authority that [Raeissi] has
knowingly permitted [him] to assume." Clint Hurt & Associates,
Inc., 480 S.E.2d at 535. Here, Danesh's attempts to collect the
Burkhart's past due rent are solidly within his apparent authority,
if not his actual authority, because the evidence strongly suggests
that Raeissi knowingly permitted Danesh to attempt to collect the
debt. As a consequence, and as the Bankruptcy Court concluded,
"[Raeissi] is bound by [the] acts of [Danesh]." Clint Hurt &
Associates, Inc., 480 S.E.2d at 535.

The Court therefore concludes that the Bankruptcy Court
correctly found that Danesh was Raeissi's agent and that Raeissi
was bound by Danesh's actions.

### C. Concealed Evidence

Raeissi next argues that the Bankruptcy Court "concealed
defense evidence," but he fails to specifically identify the
evidence to which he is referring (Dkt. No. 13). The Burkharts

RAEISSI v. BURKHART                                              1:20CV275

MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

respond that they are unable to identify the specific evidence
(Dkt. No. 14 at 7). However, they speculate that Raeissi is
referencing the Bankruptcy Court's Contempt Order, which
prohibited Raeissi from introducing certain defenses or evidence.
Id.

Because Raeissi has failed to specifically identify what
defense evidence allegedly was concealed, the Court will construe
his statements as an argument against the Bankruptcy Court's
Contempt Order (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 111). As
previously noted, that order deemed Raeissi to have admitted all
unanswered allegations in the complaint and prohibited him from
introducing defenses or evidence to the contrary (Bankr. N.D. W.
Va., 1:19-ap-21, Dkt. No. 111).

Under Fed. R. Civ. P. 37(b)(2)(A), "[i]f a party . . . fails
to obey an order to provide or permit discovery . . . the court
where the action is pending may issue further just orders." These
orders include "directing that the matters embraced in the order
or other designated facts be taken as established for purposes of
the action" or "prohibiting the disobedient party from supporting
or opposing the designated claims or defenses." Fed. R. Civ. P.
37(b)(2)(A)(i), (ii).

12

**RAEISSI v. BURKHART**                                    **1:20CV275**

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

Here, Raeissi failed to comply with the Bankruptcy Court's May 4, 2020 order compelling discovery. After this failure, under Fed. R. Civ. P. 37(b)(2)(A), the Bankruptcy Court was expressly permitted to "direct that the matters embraced in the order . . . be taken as established" and to prohibit "the disobedient party from supporting or opposing the designated claims." The Bankruptcy Court's actions thus were squarely within its power and were not, as Raeissi alleges, tantamount to concealment. Accordingly, the Court concludes that the Bankruptcy Court's actions were proper.

**D. Recanted Testimony**

Raeissi also argues that, at trial, the Burkharts testified that they suffered no financial damages (Dkt. No. 13). The Burkharts dispute this argument, contending they never recanted such claim (Dkt. No. 14 at 7).

Raeissi again fails to identify exactly the testimony he is referencing or what the impact of such testimony would be. Nevertheless, in reviewing the record, the Court has identified the testimony to which it assumes Raeissi is referring. Moreover, it will construe Raeissi's argument to be that, because there were no damages, there was no violation of the automatic stay.

13

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

With regard to the specific portions of testimony at issue, during the Burkharts' case-in-chief, Ms. Burkhart testified on direct examination that, as a direct result of Danesh's actions, she incurred damages in the form of lost wages, parking expenses, and future attorney's fees (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 163 at 1:19:55-1:21:03). Mr. Burkhart additionally testified on direct examination that his wages were garnished after the automatic stay was in place and that he incurred damages in the form of lost wages, parking expenses, and future attorney's fees. Id. at 1:26:03-1:27:25.

In Danesh's case-in-chief, Ms. Burkhart testified that, other than attorney's fees and lost wages, she and Mr. Burkhart did not suffer any financial damages as a direct result of Danesh's actions (Bankr. N.D. W. Va., 1:19-ap-21, Dkt. No. 164 at 11:55-12:40, 25:53-26:55). Mr. Burkhart similarly testified that, other than attorney's fees and lost wages, he and Ms. Burkhart did not suffer any financial damages as a direct result of Danesh's actions. Id. at 28:50-29:16.

To recover for a willful violation of the automatic stay, "the debtor must prove: '(1) that a bankruptcy petition was filed, (2) that the debtors are "individuals" under the automatic stay

14

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

provisions, (3) that creditors received notice of the petition, (4) that the creditors' actions were in willful violation of the stay, and (5) <u>that the debtor suffered damages</u>.'" <u>Lomax v. Bank of Am., N.A.</u>, 435 B.R. 362, 376 (N.D. W. Va. 2010) (quoting <u>Grisard-Van Roey v. Auto Credit Ctr., Inc. (In re Grisard-Van Roey)</u>, 373 B.R. 441, 444 (Bankr. D.S.C. 2007)) (emphasis added). Damages, however, are defined to include "costs and attorney's fees." 11 U.S.C. § 362(k)(1).

Here, in their case-in-chief, the Burkharts both testified that, as a result of Danesh's violation of the automatic stay, they incurred damages in the form of lost wages, parking expenses, future attorney's fees, and garnished wages. Although in Danesh's case-in-chief the Burkharts both testified that they only suffered financial damages in the form of lost wages and attorney's fees, no other damages were necessary.

11 U.S.C. § 362(k)(1) explicitly states that attorney's fees constitute damages for purposes of an automatic stay violation. Moreover, the Burkharts also suffered damages in the form of lost wages. And, although not stated in Danesh's case-in-chief, they also testified to damages incurred in the form of parking expenses and garnished wages. Accordingly, Raeissi's argument that there

15

**RAEISSI v. BURKHART**                                    **1:20CV275**

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

were insufficient damages to sustain a claim for a violation of the automatic stay is without merit, and the Bankruptcy Court correctly found that there were damages resulting from a willful violation of the automatic stay.

### E. Inability to Pay

Raeissi next argues that he should be relieved from the Bankruptcy Court's judgment because he is unable to pay (Dkt. No. 13). The Burkharts respond that there is no basis for forgiving the judgment (Dkt. No. 14 at 9-10), and Raeissi indeed does not cite any. Moreover, after review, the Court also is unable to find any basis on which it can forgive a judgment because of an inability to pay, and it therefore declines to do so.

### IV. Conclusion

Because Raeissi failed to raise his issues on appeal in the Bankruptcy Court and alternatively because his arguments fail on the merits, the Court **AFFIRMS** the Bankruptcy Court's judgment.

16

**RAEISSI v. BURKHART**                                          **1:20CV275**

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

It is so **ORDERED**.

The Clerk **SHALL** transmit copies of this Order to counsel of record.

DATED: March 22, 2022

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

17